IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Rhonda Rene Fisher Measmer, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5:23-cv-6109-TMC |
| vs. | ) ) ) | **ORDER** |
| Law Patriot, Lawyer Thomas Colture, Yvette Walker, and Lauren Hough, | ) ) ) | |
| Defendants. | ) ) ) ) ) | |

Plaintiff Rhonda Rene Fisher Measmer, proceeding *pro se* and *in forma pauperis*, (ECF No. 30), filed this action on November 29, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 16, 2024, the magistrate judge issued a Report and Recommendation ("Report"), recommending this case be dismissed for failure to prosecute. (ECF No. 37). The magistrate judge notified Plaintiff of her right to file objections to the Report. *Id.* at 5. It was mailed to Plaintiff at the address she provided to the court, (ECF No. 38), and has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, she has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

1

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 37), which is incorporated herein by reference.  Accordingly, Plaintiff's case is **DISMISSED**.

IT IS SO ORDERED.

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 14, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.